OPINION
Defendant-appellant, Vernon W. Viars, appeals an order of the Butler County Court of Common Pleas dismissing his petition for postconviction relief brought pursuant to R.C. 2953.21.
On November 15, 1988, a jury found appellant guilty of aggravated burglary with a prior conviction specification. The trial court filed an entry of findings in accordance with the jury verdict on November 17, 1988. Appellant was subsequently sentenced to be imprisoned for ten to twenty-five years. This court affirmed appellant's conviction and sentence in State v. Viars (Dec. 29, 1989), Butler App. No. CA89-01-001, unreported.
On September 23, 1996, appellant filed a petition to vacate or set aside sentence. In his petition, appellant argued that the state violated his constitutional rights by utilizing evidence seized in a warrantless and unlawful search of his brother's residence and that he was denied the effective assistance of counsel because his appointed counsel failed to challenge the admissibility of the allegedly illegally seized evidence. On December 10, 1996, the trial court dismissed appellant's petition without a hearing and filed findings of fact and conclusions of law as required by R.C. 2953.21(C). Appellant now appeals, setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN REFUSING TO CONDUCT AN EVIDENTIARY HEARING WHEN THE POST-CONVICTION PETITION PRESENTED SUFFICIENT FACTS DEHORS THE RECORD TO JUSTIFY THE NEED FOR THE HEARING.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DISMISSING THE DEFENDANT'S PETITION ON THE GROUNDS OF RES JUDICATA. THE TRIAL COURT'S ERRORS DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS.
Assignment of Error No. 3:
 MR. VIARS' FOURTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED WHEN DEFENSE COUNSEL FAILED TO FILE A MOTION TO SUPPRESS EVIDENCE ILLEGALLY SEIZED THROUGH AN ILLEGAL SEARCH OF APPELLANT'S BROTHER'S RESIDENCE, DUE TO THE FACT THAT MR. VIARS LACKED AUTHORITY TO CONSENT TO A POLICE SEARCH.
In his first assignment of error, appellant contends that the trial court erred by refusing to conduct an evidentiary hearing. Appellant argues that his postconviction relief petition presented sufficient facts outside of the record to justify a hearing.
R.C. 2953.21(C) provides as follows:
 The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
A petition for postconviction relief states a substantive ground for relief when the petition on its face indicates that the conviction is void or voidable due to a constitutional infirmity and the claims raised involve factual assertions that cannot be disposed of by reviewing the record of the case. State v. Kapper (1983), 5 Ohio St.3d 36, 37, certiorari denied (1983),464 U.S. 856, 104 S.Ct. 174; State v. Milanovich (1975), 42 Ohio St.2d 46, paragraph one of the syllabus.
An evidentiary hearing is "not automatically required" for every petition seeking postconviction relief. State v. Jackson (1980), 64 Ohio St.2d 107, 110; R.C. 2953.21. "[A] petition for postconviction relief is subject to dismissal without a hearing if the petitioner, appellant here, fails to submit with the petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief." State v. Blankenship (Nov. 4, 1996), Butler App. No. CA96-05-098, unreported. In addition, where an appellant claims ineffective assistance of counsel, appellant must submit evidentiary documents containing sufficient operative facts to show both deficient performance and resulting prejudice. Jackson,64 Ohio St.2d at 111.
In order to warrant an evidentiary hearing, evidence presented outside of the record must meet a threshold level of cogency to support the claim in the petition. State v. Lawson (1995),103 Ohio App.3d 307, 315. Affidavits that do not contain "new evidence that was unavailable in the original record" and have "basically repackaged information already available in the record" will not provide support for an evidentiary hearing. Id.
Attached to his petition for postconviction relief, appellant attached his own signed affidavit which states that at the time of his arrest he was living with his brother, Tom; that he had gone to visit his brother, Shannon, at Shannon's house; that he did not live at Shannon's house; and that the police had no reason to believe that he had any authority to consent to a warrantless search of Shannon's house. In addition, appellant attached the unsigned affidavits of Shannon Viars and Sherry Collins which state that they resided at the residence where appellant was arrested; that appellant did not live with them, pay rent, or keep any personal belongings there; and that while appellant had permission to come in the house, he did not have permission to allow anyone else into the house at any time. Appellant also attached the signed affidavit of Jackie Hood, an investigator employed by the Ohio Public Defender Commission, which states that the information contained in the affidavits of Shannon and Sherry was based upon her interviews with Shannon and Sherry, but she has not been able to contact either of them to obtain their signatures on the affidavits.
After reviewing appellant's postconviction relief petition and the affidavits attached to it, we find that the trial court properly concluded that appellant failed to satisfy his burden to submit the necessary evidentiary documents containing sufficient operative facts demonstrating substantive grounds for relief. See Jackson, 64 Ohio St.2d at 110. The affidavits presented by appellant merely repackage evidence already available in the original record and do not contain new information or evidence that was unavailable at the time of trial.[1] See Lawson,103 Ohio App.3d at 315. Accordingly, the claim raised by appellant could be decided without resorting to evidence outside the record and the trial court did not err by refusing to conduct an evidentiary hearing. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred by dismissing his petition on res judicata grounds and that the trial court's error deprived him of his constitutional rights to due process and a fair trial under the sixth and fourteenth amendments.
The doctrine of res judicata precludes the petitioner in a postconviction relief proceeding from raising and litigating any issue which was raised or could have been raised in a direct appeal from the underlying conviction. State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus; State v. Powell (1993), 90 Ohio App.3d 260, 267. Our review of the record indicates that appellant could have raised his objections to the search and seizure in his direct appeal to this court, but failed to do so. Accordingly, appellant is precluded from litigating, in a petition for postconviction relief, his claim regarding the legality of the search and seizure. See Perry at paragraph nine of the syllabus. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that he is entitled to postconviction relief because he received ineffective assistance of counsel at trial. Appellant argues that his state and federal constitutional rights were violated when his trial counsel failed to file a motion to suppress evidence illegally seized through an illegal search of his brother's residence, due to the fact that he lacked authority to consent to a police search.
A petition for postconviction relief which alleges that the petitioner received ineffective assistance of counsel at trial is subject to dismissal on res judicata grounds where the petitioner had new counsel for the direct appeal of his conviction and where the ineffective assistance of counsel claim could otherwise have been raised in the direct appeal without resort to evidence outside the record. State v. Lentz (1994), 70 Ohio St.3d 527, syllabus; State v. Cole (1982), 2 Ohio St.3d 112, syllabus.
The record indicates that appellant was represented by new counsel for his direct appeal to this court and that appellant's ineffective assistance of counsel claim could have been raised in his direct appeal. Therefore, we find that appellant's ineffective assistance of counsel claim is barred by res judicata and we need not reach the merits of appellant's argument. See Lentz, 70 Ohio St.3d at syllabus; Cole, 2 Ohio St.3d at syllabus. Appellant's third assignment of error is overruled.
KOEHLER and WALSH, JJ., concur.
[1] We note that the original trial record contains testimony from Officer James Griffith, who testified that when appellant answered the door at Shannon's residence, appellant advised Griffith that he lived at that residence; from Detective Jerry Chapman, who testified that it was his understanding that appellant's brother, Shannon, and Shannon's girlfriend rented and lived in the house where appellant was arrested; from appellant's brother, Tom, who testified that appellant lived with him and his family; from Shannon Viars, who testified that appellant did not live with him; from appellant, who testified that he did not live at Shannon's house, he lived at Tom's house, where he kept his clothes and received mail.