OPINION
Defendant-appellant, Clifford D. Williams, appeals a decision of the Butler County Court of Common Pleas in which the court denied his petition for postconviction relief without holding an evidentiary hearing. We affirm.
At a trial conducted January 7 through 17, 1991, a jury found appellant guilty of aggravated murder with specifications and recommended a sentence of death for the murder of cab driver Wayman Hamilton on August 3, 1990. At the same trial, appellant was also convicted of felonious assault with a firearm specification and aggravated robbery with a firearm specification with respect to a shooting and robbery on August 6, 1990 of another victim, Jeff Wallace. These convictions and sentence of death were unanimously affirmed by this court in State v. Williams (Nov. 2, 1992), Butler App. Nos. CA91-04-060 and CA92-06-110, unreported, and by the Ohio Supreme Court in State v. Williams (1995), 73 Ohio St.3d 153, reconsideration denied,74 Ohio St.3d 1409. The United States Supreme Court denied certiorari in State v. Williams (1996), 516 U.S. ___,116 S.Ct. 1047. The factual details pertaining to appellant's trial are detailed at length in the decisions of this court and the Supreme Court of Ohio and will not be repeated herein.
On September 20, 1996, appellant filed a petition for postconviction relief asserting seventeen claims for relief. On September 24, 1996, the state of Ohio, plaintiff-appellee herein, filed an answer denying the material allegations and moving to dismiss the petition. Appellant filed a response to the State's motion to dismiss, a motion to recuse the trial judge, Judge Anthony Valen, and motions for funds to employ a cultural expert and a ballistics expert. Judge Valen voluntarily recused himself on February 24, 1997 and the matter was reassigned to Judge John R. Moser. On July 14, 1997, the trial court entered a decision and order dismissing the petition without an evidentiary hearing and issued an order denying appellant's motions for funds to employ a cultural expert and a ballistics expert. Appellant sets forth five assignments of error on appeal:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN ITS APPLICATION OF THE DOCTRINE OF RES JUDICATA TO SEVERAL OF APPELLANT'S CLAIMS FOR RELIEF, THUS VIOLATING HIS RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 1, 2, 5, 9, 10, 16 AND 20 OF THE OHIO CONSTITUTION.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT WILLIAMS AN EVIDENTIARY HEARING AND DISCOVERY ON HIS PETITION FOR POSTCONVICTION RELIEF, THUS VIOLATING HIS RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 1, 2, 9, 10, 16 AND 20 OF THE OHIO CONSTITUTION.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION TO VACATE OR SET ASIDE SENTENCE IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH
AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 1, 2, 9, 10, AND 16 OF THE OHIO CONSTITUTION.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTIONS FOR FUNDS FOR EXPERT ASSISTANCE IN VIOLATION OF APPELLANT'S RIGHT GUARANTEED UNDER THE FIFTH, SIXTH, EIGHT, NINTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 1, 2, 9, 10 AND 16 OF THE OHIO CONSTITUTION.
Assignment of Error No. 5:
 THE CUMULATIVE ERROR OF APPELLANT'S SUBSTANTIVE CLAIM MERITS REVERSAL OR A REMAND FOR A PROPER POSTCONVICTION PROCESS.
Appellant's petition for postconviction relief alleged seventeen claims for relief. In its well-reasoned opinion, the trial court discussed each of appellant's seventeen claims in detail. State v. Williams, (July 14, 1997), Butler C.P. No. CR90-08-0665, unreported. Inasmuch as we adopt the trial court's opinion in its entirety, we see no need to repeat the trial court's thorough analysis. However, in the interest of clarity, we will briefly discuss each of appellant's seventeen claims for relief.
We will first set forth the applicable law dealing with postconviction relief. R.C. 2953.21 provides in pertinent part:
 (A)(1) Any person convicted of a criminal offense or adjudged a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.
A criminal defendant is not automatically entitled to an evidentiary hearing on his postconviction claims. State v. Jackson (1980), 64 Ohio St.2d 107. The petitioner must show that there are substantive grounds for relief that would warrant a hearing based on the petition, the supporting affidavits, and the files and records in the case. Id. A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings except on appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id., paragraph nine of the syllabus.
There is an exception to the doctrine of res judicata where the petitioner presents competent, relevant and material evidence dehors the record that was not available to the petitioner in time to support the direct appeal. State v. Lawson (1995),103 Ohio App.3d 307, 315. This evidence must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his constitutional rights. State v. Lawson, following State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported.
First Claim for Relief
Appellant's first claim for relief alleges that Judge Anthony Valen was biased and prejudiced and should have recused himself from the trial. This issue is barred by res judicata as it was raised on direct appeal and was decided adversely to appellant by the Ohio Supreme Court in State v. Williams (1995), 73 Ohio St.3d 153. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Second Claim for Relief
Appellant's second claim for relief alleges that the prosecution denied him postconviction access to certain items of trial evidence for independent analysis by an expert. Appellant asserts that the state of Ohio interfered with appellant's attempts to investigate and prepare his postconviction petition. In support of this claim, appellant attached to his petition a letter from Luke Haag of Forensic Science Services, Inc., dated September 12, 1996, which states that "[i]f the State's attorney wishes to have his representative present while I examine the physical evidence of this case, it is acceptable to me." Inasmuch as appellant's claim is not a claim affecting the trial court's judgment of conviction or sentence, the claim is not cognizable in postconviction proceedings under R.C. 2953.21. State v. Murnahan (1992), 63 Ohio St.3d 60.
Third Claim for Relief
Appellant's third claim for relief alleges that he was denied the effective assistance of trial counsel under the standards established in Strickland v. Washington (1986), 466 U.S. 668,104 S.Ct. 2052, by his trial counsel's failure to present scientific evidence which allegedly exculpated him in the aggravated murder.
In support of this claim, appellant presents a report prepared by a firearms expert, Larry M. Dehus, dated December 17, 1990, wherein Dehus outlined his examination of the state's exhibits in question, a .25 caliber cartridge casing from the Wayman Hamilton murder scene and two .25 caliber cartridge casings from the Jeff Wallace shooting scene. At trial, the state presented the expert testimony of firearms examiner David Hall regarding the .25 caliber cartridge casings. The trial court compared Dehus' findings to Halls' testimony and found "virtual agreement on all pertinent aspects of the examination." The trial court found, and we concur, that the evidence offered by appellant in support of his third claim was not genuinely significant and did not materially advance appellant's claim to overcome the res judicata bar. State v. Lawson, 103 Ohio App.3d 307, 315.
Fourth Claim for Relief
In his fourth claim for relief, appellant asserts that the trial court erred in denying appellant's request for funds for a mitigation specialist. In support of this claim, appellant attached to his petition an affidavit from Donan L. Hall, a mitigation specialist employed by the Public Defender's Office, and affidavits from family members. The trial court found, and we concur, that this issue is barred by res judicata as it was raised, litigated and determined adversely to appellant on direct appeal. State v. William, 73 Ohio St.3d at 171. Furthermore, the evidence dehors the record does not defeat the application of res judicata because the evidence is cumulative to or alternative to legal arguments presented at trial. State v. Lawson, 103 Ohio App.3d 307,315.
Fifth Claim for Relief
In his fifth claim for relief, appellant argues that his trial counsel were ineffective under the standards established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, due to an alleged failure to present cultural expert mitigation testimony during the penalty phase of trial. Appellant asserts that a cultural expert would have presented evidence in mitigation as to appellant's culture and environment. In support of this claim, appellant attached to the petition affidavits from himself and from family members detailing appellant's family history. In the instant case, a review of the record reveals that trial counsel obtained an investigation of appellant's background and through a psychiatrist presented evidence of appellant's life through school records, juvenile court records and from appellant's mother and grandmother. Accordingly, the trial court found, and we concur, that a claim for relief in a petition for postconviction relief does not show ineffective assistance of counsel merely because it presents a new expert opinion that is different from the theory used at trial. State v. Combs (1994),100 Ohio App.3d 90, 102-105.
Sixth, Seventh, and Eleventh Claims for Relief
In his sixth claim for relief, appellant asserts that his trial counsel rendered ineffective assistance of counsel during voir dire of potential jurors. In his seventh claim for relief, appellant asserts that the trial court's instructions to the jury were ambiguous, misleading and unintelligible. Appellant's eleventh claim for relief asserts that his conviction and sentence are void or voidable because he was required to prove the existence of mitigating factors by a preponderance of the evidence, or because sentencing laws preclude consideration of all mitigating evidence and compel a presumption of the death penalty.
Appellant supports these claims with an affidavit prepared by Michael Geis, Professor of Linguistics at the Ohio State University. In his affidavit, Professor Geis critiqued the words and phrases used by defense counsel during the trial. The trial court held that these claims were barred by res judicata because the claims were based on acts or omissions entirely reflected in the record. Therefore, appellant's sixth, seventh and eleventh claims are barred as they could have been but were not raised on direct appeal. State v. Perry, 10 Ohio St.2d 175. Furthermore, regarding the affidavit of Professor Geis, the trial court found that even if the affidavit was admissible as an expert opinion, it does not constitute evidence dehors the record because the record speaks for itself on the issue. We concur with the trial court's findings and find that appellant's sixth, seventh and eleventh claims are barred by the doctrine of res judicata.
Eighth Claim for Relief
In his eighth claim for relief, appellant asserts that it was error for the court to dismiss his claim concerning an alleged withholding of exculpatory evidence pursuant to Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194. A due process claim under Brady cannot be maintained in the absence of a showing of prejudice, i.e., that the government's action deprived the accused of evidence that was favorable and material. United States v. Valenzuela-Bernal (1982), 458 U.S. 858, 872-873,102 S.Ct. 3440, 3449.
The alleged exculpatory evidence offered is the criminal record of the shooting victim, Jeff Wallace. A review of the record reveals that at trial Wallace testified that he had felony convictions for battery and grand theft. Furthermore, Wallace testified that he had used cocaine earlier on the day of the shooting. Accordingly, the trial court found that there was no Brady violation where the information at issue was admitted into evidence at the trial and considered by the trier of fact. We concur with the trial court that appellant has failed to establish sufficient operative facts to demonstrate a Brady violation.
Ninth Claim for Relief
Appellant's ninth claim for relief asserts that appellate proportionality review as undertaken by Ohio appellate courts is in violation of state and or federal constitutional law. First, this issue is not cognizable in a petition for postconviction relief as it is not a claim affecting the trial court's judgment of conviction or sentence. State v. Murnahan, 63 Ohio St.3d 60. Secondly, this issue is barred by res judicata as it was raised on direct appeal and determined adversely to appellant in State v. Williams, 73 Ohio St.3d at 173. State v. Perry, 10 Ohio St.2d 175.
Tenth Claim for Relief
Appellant's tenth claim for relief asserts that electrocution as a means to carry out a death sentence is cruel and unusual punishment. In support of this proposition, appellant attached to his petition voluminous materials which attempt to illustrate the horrors of execution. However, the Supreme Court has expressly held that execution by electrocution is not cruel and unusual punishment. State v. Coleman (1989), 45 Ohio St.3d 298,308. Furthermore, this issue could have been raised on direct appeal and is therefore barred by the doctrine of res judicata. State v. Perry, 10 Ohio St.2d 175.
Twelfth and Thirteenth Claims for Relief
In his twelfth claim for relief, appellant alleges that the death penalty is disproportionately meted out in Butler County in violation of state and/or federal constitutional law. In support of this claim, appellant attached to his petition statistics compiled by the Public Defender's office of the people on death row and a copy of the 1990 Census. In his thirteenth claim for relief, appellant asserts that the jury selection utilized in Butler County results in juries that are racially biased. In support of his thirteenth claim, appellant cites to the 1990 Census attached as part of claim twelve.
Statistics indicative of a disparate impact alone are insufficient to establish a claim of discriminatory enforcement of the death penalty; rather, the minority defendant must show that the decision makers in his case acted with discriminatory purpose. State v. Loza (Oct. 13, 1997), Butler App. No. CA96-10-214, unreported, following McCleskey v. Kemp (1987), 481 U.S. 279,297, 107 S.Ct. 1756, 1770. The trial court found, and we concur, that appellant failed to present evidence of intentional racial discrimination in his trial and that the claims are not supported by sufficient operative facts. State v. Lawson, 103 Ohio App.3d 307.
Fourteenth Claim for Relief
In his fourteenth claim for relief, appellant argues that his trial counsel were ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, for failing to investigate alleged racism in Butler County in its enforcement of the death penalty. In support of this claim, appellant attached affidavits from attorneys regarding the usual composition of Butler County juries and cited to death penalty statistics and the 1990 Census cited to in claim twelve. The trial court found, and we concur, that the appellant has failed to establish sufficient operative facts demonstrating a lack of effective assistance of trial counsel.
Fifteenth Claim for Relief
Appellant's fifteenth claim for relief asserts that the trial court erred in permitting the prosecution to argue that the nature and circumstances of the offense was aggravating rather than mitigating. This claim was raised and determined adversely to appellant on direct appeal in State v. Williams,73 Ohio St.3d at 173, and is therefore barred by res judicata. State v. Perry,10 Ohio St.2d 175.
Sixteenth Claim for Relief
Appellant's sixteenth claim for relief asserts that the death penalty is without penological justification. This claim was raised and determined adversely to appellant on direct appeal in State v. Williams, 73 Ohio St.3d at 173, and is therefore barred by res judicata. State v. Perry, 10 Ohio St.2d 175.
Seventeenth Claim for Relief
In his seventeenth claim for relief, appellant seeks to void his convictions or death sentence based on the cumulative effect of errors and omissions as presented in the petition. In State v. DeMarco (1987), 31 Ohio St.3d 191, the Supreme Court recognized the doctrine of cumulative error. Pursuant to this doctrine, a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial, even though each of numerous instances of trial court error does not individually constitute cause for reversal." State v. Garner (1995), 74 Ohio St.3d 49, 64. The doctrine of cumulative error is not applicable to the case at bar as we have found no merit in appellant's claims of trial court error.
Pursuant to our discussion of appellant's seventeen claims, we find appellant's assignments of error are not well-taken and we affirm the decision of the trial court.
KOEHLER and POWELL, JJ., concur.