Russell Chafin Jr., defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas dismissing his petition for postconviction relief. We affirm.
On September 20, 1993, appellant pled guilty to murder, attempted burglary, and attempted abduction. State v. Chafin
(May 12, 1998), Franklin App. No. 97APA09-1181, unreported (1998 Opinions 1783). Appellant was sentenced by the trial court and he did not file a direct appeal of his convictions or his sentence. On September 20, 1997, appellant filed a petition for postconviction relief alleging the following constitutional violations: (1) appellant was denied the right to effective assistance of counsel; (2) appellant's indictment was defective; (3) appellant's sentence violated the Double Jeopardy Clause; (4) appellant was denied his right to a speedy trial; (5) the prosecution used "improper methods calculated to produce a wrongful conviction"; (6) the trial court failed to advise appellant of the nature of the charges; and (7) appellant's plea was not knowingly and intelligently made. Appellant also attached to his petition three affidavits that were not included in the original trial record.
On May 7, 1997, the trial court denied appellant's petition without an evidentiary hearing. Appellant appealed the decision to this court and asserted in his second assignment of error:
 ' "Trial court erred in denying [appellant's] postconviction relief without addressing [appellant's] claim that the plea bargain was coerced and [appellant] should have been afforded an evidentiary hearing to prove his claim." ' State v. Chafin, at 1784.
We sustained appellant's second assignment of error and reversed the trial court's decision holding that: "The facts set forth by the trial court in its decision and entry are not specific enough to permit meaningful appellate review."Id. at 1787.
On remand, the trial court again held that appellant's petition did not warrant an evidentiary hearing. In its June 3, 1998 entry, the trial court reviewed the three affidavits appellant submitted with his petition and addressed his claim that he was coerced to plead guilty. The court found that exhibit E, an affidavit from appellant's mother, was not "factually compelling." The court also found that even if the affidavit was compelling, "there is still no evidence that [appellant] was coerced by his mother, or his counsel. Exhibit E merely relates a conversation, with no indication that this impacted on [appellant's] decision making process." The court held that the other two affidavits had "no bearing on this matter." Appellant appeals the trial court's decision and presents two assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN NOT PROVIDING PETITIONER AN EVIDENTIARY HEARING PURSUANT TO O.R.C. § 2953.21[.]
"SECOND ASSIGNMENT OF ERROR
 "PETITIONER'S PLEA OF GUILTY WAS NOT VOLUNTARILY KNOWINGLY AND INTELLIGENTLY MADE[.]"
Appellant argues in his first assignment of error that the trial court erred in not granting him an evidentiary hearing. Appellant claims that the record was insufficient to rebut his claim that his trial counsel was ineffective. Appellant argues in his second assignment of error that an evidentiary hearing should have been granted since his plea was not made voluntarily, knowingly or intelligently. Because of the interrelated nature of appellant's assignments of error, we will address them together.
In order to obtain postconviction relief, appellant must claim that "there was such a denial or infringement of [his] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1). Before granting a hearing for a petition for postconviction relief, the court "shall determine whether there are substantive grounds for relief." R.C. 2953.21(C).
An evidentiary hearing is not automatically required for every petition for postconviction relief. State v. McGuire
(April 20, 1998), Preble App. No. CA97-06-015, unreported, appeal dismissed (1998), 83 Ohio St.3d 1428. For example, R.C.2953.21(C) permits a trial court to dismiss a motion for postconviction relief without a hearing if the petitioner fails to produce evidentiary documents establishing constitutional error of a magnitude rendering his conviction void or voidable under the United States or Ohio Constitution. State v. Allen
(Nov. 20, 1997), Franklin App. No. 97APA01-51, unreported (1997 Opinions 4825, 4830). A petition for postconviction relief may also be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. Statev. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. In reviewing whether the trial court errs in denying a petitioner's motion for postconviction relief without a hearing, the appellate court applies an abuse of discretion standard. State v. Watson (Feb. 17, 1998), Butler App. No. CA97-07-145, unreported, appeal dismissed (1998), 82 Ohio St.3d 1413. Abuse of discretion is more than an error of law or judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
Under the doctrine of res judicata:
 ' "* * * [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." ' (Emphasis sic.) State v. Szefcyk (1996), 77 Ohio St.3d 93, 95.
The reason for this is that ' "[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." ' Id. at 95, quoting Federated Dept.Stores, Inc. v. Moitie (1981), 452 U.S. 394, 401,101 S.Ct. 2424, 2429. The doctrine of res judicata applies even if a defendant did not file a direct appeal of his or her convictions. State v. Wilburn (Oct. 2, 1998), Lawrence App. No. 97CA53, unreported.
A review of appellant's petition for postconviction relief shows that most of the issues he presents are barred by resjudicata. Appellant could have presented his arguments in a direct appeal that: (1) his counsel was ineffective, (2) his indictment was defective, (3) his sentence violated the Double Jeopardy Clause, (4) he was denied the right to a speedy trial, (5) the prosecution engaged in misconduct, (6) he was not advised of the nature of his charges, and (7) his plea was not voluntarily, knowingly and intelligently made. Most of the evidence appellant relies upon in his allegations were contained in the original trial court record and, therefore, the issues could have been discovered and presented in a direct appeal.
With the three affidavits, appellant presents some evidence in his petition that was not a part of the original trial court record. The affidavits are significant in that the res judicata
bar does not apply when the petitioner presents competent, relevant and material evidence outside of the record, that was either not in existence or unavailable to the petitioner in time to support a direct appeal. State v. Lawson (1995),103 Ohio App.3d 307, 315, However, the petitioner may not simply attach as exhibits ' "evidence which is only marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery." ' Statev. Sopjack (Aug. 22, 1997), Geauga App. No. 96-G-2004, unreported.
A review of the three affidavits shows that they do not demonstrate "substantive grounds for relief" pursuant to R.C.2953.21. The affidavit from appellant's mother states in part that appellant's trial counsel told her:
 "* * * that my son Russell Chafin refused to sign the plea agreement and asked me if I could talk him into taking the plea agreement. My son's lawyer also said that if my son doesn't take the plea agreement that my son was going to get the death penalty. But if he took the plea agreement he'd be out in (8) years."
It appears that appellant presented this affidavit to support his contention that he was denied effective assistance of counsel and his plea was not voluntarily, knowingly and intelligently made because his trial counsel pressured him to plead guilty.
A review of the affidavit supports the trial court's finding that the affidavit provides "no evidence that [appellant] was coerced by his mother, or his counsel" and provides "no indication" that the conversation between appellant's mother and his counsel "impacted on [appellant's] decision making process." Appellant failed to present evidence that after appellant's mother spoke with his trial counsel, that his mother pressured him to plead guilty. In fact, appellant provides no evidence that his mother told him about the alleged conversation with his trial counsel prior to his plea of guilty. Additionally, the record includes appellant's guilty plea, signed by appellant, which states in part: "I hereby assert that no person has threatened me, promised me leniency, or in any other way coerced or induced me to plead 'Guilty.' " Accordingly, we find that the trial court correctly concluded that the affidavit from appellant's mother failed to demonstrate substantive grounds to warrant an evidentiary hearing.
The second affidavit is from appellant's grandmother, Delorse Patterson, who stated that she was told by a police detective that the police were going to keep appellant's car. The third affidavit is from appellant, in which he states that his trial counsel told him that ' "[t]hey don't think it would be in the best interest to give you your motion of discovery." ' Since the content of these affidavits is unrelated to the seven grounds for relief presented in appellant's petition, we find that the trial court did not err in concluding that these two affidavits "have no bearing on this matter."
Accordingly, we find that the trial court did not err in dismissing appellant's petition for postconviction relief without granting an evidentiary hearing because appellant has failed to demonstrate "substantive grounds for relief." Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.