### The STATE of Ohio, Appellee,

v.

### LAWSON, Appellant.*

[Cite as *State v. Lawson* (1995), 103 Ohio App.3d 307.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA94–07–053.

Decided May 8, 1995.

--------

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1404, 655 N.E.2d 184.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*Turner & Wright* and *Carol A. Wright; Wallace & Warner* and *Roger Warner,* for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Jerry R. Lawson, appeals a decision of the Clermont County Court of Common Pleas in which the court dismissed his petition for postconviction relief without holding an evidentiary hearing.

On April 26, 1988, a Clermont County jury convicted Lawson of two counts of aggravated murder with capital specifications, two counts of kidnapping, one count of aggravated robbery, and two counts of intimidating a witness. On April 28, 1988, the jury recommended the death sentence on the aggravated murder counts. The trial court approved the jury's recommendation on May 3, 1988, and sentenced Lawson to death for the aggravated murder of Timothy Martin. Lawson's convictions and sentence were upheld on direct appeals to this court,

*State v. Lawson* (June 4, 1990), Clermont App. No. CA88–05–044, unreported, 1990 WL 73845, and to the Ohio Supreme Court, *State v. Lawson* (1992), 64 Ohio St.3d 336, 595 N.E.2d 902. The United States Supreme Court denied Lawson's petition for writ of certiorari on March 29, 1993. *Lawson v. Ohio* (1993), 507 U.S. ——, 113 S.Ct. 1653, 123 L.Ed.2d 273.

On December 15, 1993, Lawson filed his first petition to vacate or set aside sentence under R.C. 2953.21. The petition contained forty-one claims for relief and was accompanied by numerous documents attached as exhibits. On February 14, 1994, the state filed a motion for judgment on Lawson's petition. The state asserted that no evidentiary hearing was necessary because all issues Lawson raised in his petition could be determined from the existing record. Lawson filed an opposing memorandum, in which he requested a six-month continuance to conduct discovery. The trial court denied Lawson a continuance and refused to order an evidentiary hearing on his petition. On June 8, 1994, the court filed a judgment entry and separate decision dismissing Lawson's petition for postconviction relief.

On appeal to this court, Lawson sets forth six assignments of error. For purposes of analysis, the assigned errors will be rearranged where appropriate.

Under Lawson's first assignment of error, he complains that the lower court erred in dismissing his petition without first holding an evidentiary hearing. Lawson argues that certain affidavits attached to his petition establish evidence *dehors* the record. Lawson also points out that the lower court concluded that many of his claims were barred under the doctrine of *res judicata,* and suggests that *res judicata* was not appropriate in this case.

 This first assignment of error addresses issues that are presented in greater detail in Lawson's third, fourth, and sixth assignments of error. At this point, however, we point out that a petitioner in a postconviction proceeding is not automatically entitled to an evidentiary hearing. *State v. Jackson* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819 (petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and *also* that the defense was prejudiced by counsel's ineffectiveness). Before granting a hearing, the trial judge must determine from the petition, the supporting affidavits, and the record whether there are substantive grounds for relief. *State v. Coleman* (Mar. 17, 1993), Hamilton App. No. C–900811, unreported, at 2, citing R.C. 2953.21(C), 1993 WL 74756. Lawson's first assignment of error is overruled to the extent that issues therein are not more fully addressed under subsequent, more specific assignments of error.

■ Under Lawson's fifth assignment of error, he argues that the trial court erred in granting the state's motion for judgment before the state had filed an answer or before the issues had been "made up." R.C. 2953.21(D) provides:

"Within ten days after the docketing of the petition, or within such further time as the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to such judgment shall appear on the face of the record."

The state, in compliance with R.C. 2953.21(D), filed a motion for judgment within ten days after the court docketed Lawson's petition. The state attached to this motion a memorandum in which the state addressed each of Lawson's forty-one claims for relief. This court concludes that the issues were "made up" within the meaning of R.C. 2953.21(D) when the trial court granted the state's motion for dismissal. Lawson's fifth assignment of error is overruled.

Under his second assignment of error, Lawson argues that the trial court failed to make findings of fact and conclusions of law as required by R.C. 2953.21(C). We disagree.

R.C. 2953.21(C) provides in pertinent part:

"Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * *If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."* (Emphasis added.)

On June 8, 1994, the trial court issued a two-line entry dismissing Lawson's petition. That day, the trial court also issued a fifteen-page decision which addressed each of Lawson's forty-one claims. Lawson complains that the court's entry contains no reference to findings of fact and asserts that the court's decision did not contain specific findings.

■ Contrary to Lawson's suggestion in his brief, R.C. 2953.21(C) does not require the court to refer to its findings of fact and conclusions of law in its entry. Further, a document's language, not its label, determines whether it satisfies the requirements of R.C. 2953.21. *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 20, 530 N.E.2d 1330, 1331. Although the lower court's fifteen-page written decision was not captioned "findings of fact and conclusions of law," it was more than adequate to apprise both Lawson and this court of its reasoning in denying Lawson's petition. See *State v. Mapson* (1982), 1 Ohio St.3d 217, 219, 1

OBR 240, 242–243, 438 N.E.2d 910, 912–913; see, also, *State v. Greer* (Oct. 28, 1992), Summit App. No. 15217, unreported, at 7, 1992 WL 316350, motion to certify record overruled (1993), 66 Ohio St.3d 1446, 609 N.E.2d 172. The lower court's written decision constituted "findings of fact and conclusions of law" and therefore complied with R.C. 2953.21(C). Lawson's second assignment of error is overruled.

Under Lawson's sixth assignment of error, he argues that the lower court erroneously relied upon the doctrine of *res judicata* in ruling against many of the claims in his petition. Lawson points out that the defense of *res judicata* may not be raised by motion to dismiss under Civ.R. 12(B). See *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703.

 Although the Rules of Civil Procedure generally apply to postconviction proceedings, dismissals rendered under R.C. 2953.21 are different from those made under Civ.R. 12(B). *State v. Franklin* (Jan. 25, 1995), Hamilton App. No. C–930760, unreported, at 6, 1995 WL 26281. For example, unlike Civ.R. 12(B), R.C. 2953.21 requires the court to look beyond the petition and response and specifically allows the prosecution to respond by motion rather than answer. Because postconviction proceedings are statutorily created, specific requirements set out by statute take priority where they conflict with the Civil Rules. *Greer, supra,* Summit App. No. 15217, at 4.

On the other hand, the Ohio Supreme Court has explicitly held that a trial court may dismiss a petition for postconviction relief without a hearing where the doctrine of *res judicata* applies. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus, provides:

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment."

 The trial court could properly rely on the doctrine of *res judicata* in dismissing many of Lawson's claims in his petition. Lawson's sixth assignment of error is overruled.

Lawson's third and fourth assignments of error are related. Under his third assignment of error, Lawson claims that his state and federal constitutional rights were violated by imposition of the death penalty where the jury was not specifically instructed that it could consider Lawson's mental state as a mitigating factor. Under Lawson's fourth assignment of error, he asserts that he was denied effective assistance of counsel because his trial counsel did not present

evidence that he suffered from a mental disease or defect during the mitigation phase of sentencing, or request a jury instruction in that regard.

R.C. 2929.04(B) provides for the presentation of all mitigating evidence, including under subsection (3): "Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law[.]"

During the guilt phase of Lawson's trial, trial counsel presented a defense of not guilty by reason of insanity. The defense had called Dr. John Peter Lutz, a psychiatrist, who testified that Lawson suffered from "brief reactive psychosis." Trial counsel, however, did not specifically make this argument during the mitigation phase of sentencing. During the mitigation phase, trial counsel did call a psychologist, Dr. David Chiappone, who detailed a psychological profile he had conducted on Lawson. Dr. Chiappone testified that based upon all of the psychological data, Lawson may have believed at the time of the offense that his victim was a threat to him and his family. Trial counsel also called and questioned several witnesses regarding Lawson's personality and intelligence.

Central to Lawson's third and fourth assignments of error is his assertion that he has come forward with new evidence *dehors* the record. In support of his claim that trial counsel was deficient and that the trial court should have specifically instructed the jury that it could consider his mental condition, Lawson attached certain exhibits to his petition. Lawson presented affidavits from Dr. Lutz, the defense expert during the trial, Dr. Roger H. Fisher, a clinical psychologist who testified for the state during the guilt phase of the trial, Julie S. Brams, another clinical psychologist not previously involved in the case, and John Woliver, one of Lawson's two trial attorneys.

Dr. Fisher asserted that although his findings did not support a determination that Lawson was legally insane, they would have been useful as mitigating evidence. Dr. Fisher complained that the defense never approached him regarding the sentencing proceeding. Dr. Brams also criticized Lawson's medical expert and trial counsel in her affidavit. Dr. Lutz indicated in his affidavit that conditions foundational to his diagnosis were inadequately presented. Attorney John Woliver, in his affidavit, stated that he "did not know" why the defense team did not request an instruction on the mitigating factor of Lawson's mental state.

The only specific example of evidence *dehors* the record that Lawson cites in his appellate brief concerns Lawson's alleged " 'huffing' practices." Dr. Brams related that Lawson described to her assistant his practice of " 'huffing' solvents and propellants, in particularly [*sic*] Right Guard deodorant." The doctor went on to state that huffing can "quickly lead to neurological damage * * *." Dr. Lutz stated in his affidavit that he has come in contact with patients who have

"huffed," and "[i]n a short period of time, with only moderate use, they develop numerous signs and symptoms of organic brain syndrome." [1] There is no indication that Lawson's "huffing" practice predated his victim's murder.

The presentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata.* See *State v. Smith* (1985), 17 Ohio St.3d 98, 101, 17 OBR 219, 221, 477 N.E.2d 1128, 1131–1132, fn. 1. However, a petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal. *State v. Perry, supra,* 10 Ohio St.2d at 182, 39 O.O.2d at 193, 226 N.E.2d at 109. "[E]vidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." *Coleman, supra,* Hamilton App. No. C–900811, at 7. To overcome the *res judicata* bar, evidence offered *dehors* the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record. *Franklin, supra,* Hamilton App. No. C–930760, at 7.

We are unconvinced that the issues Lawson raised could not have been fairly determined without resort to evidence *dehors* the record. See *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169, syllabus. Information contained in Lawson's exhibits do not contain new evidence that was unavailable in the original record. Instead, the affiants have basically repackaged information already available in the record in order to second-guess Lawson's trial counsel.

In regard to his third assignment of error, Lawson cites a number of cases in which trial courts were reversed for *excluding* mitigating evidence. However, the Ohio Supreme Court has held that the trial court need only instruct the jury on those mitigating factors raised by the defense. *State v. Hicks* (1989), 43 Ohio St.3d 72, 77, 538 N.E.2d 1030, 1036, fn. 3, reaffirming *State v. DePew* (1988), 38 Ohio St.3d 275, 289, 528 N.E.2d 542, 557. In this case, the trial court did not refuse to allow evidence that Lawson may have suffered from a mental disease or defect. Instead, the trial court gave the jury an instruction on mitigation which had been submitted by Lawson.

---

1. Dr. Fisher also asserted that the defense was inadequate because it did not have Lawson tested for organic brain damage. However, Dr. Chiappone testified during the mitigation phase of sentencing that he had performed a number of tests on Lawson including a test of "organistic original brain damage."

In regard to Lawson's fourth assignment of error, this court reaffirms that generally, where a defendant is represented by new counsel on appeal, a claim of ineffective assistance of trial counsel is capable of review and therefore may be barred under the doctrine of *res judicata* from being raised in a later postconviction relief petition. *State v. Greer, supra,* Summit App. No. 15217, at 5, citing *Cole, supra,* 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169, syllabus.

This court also notes that Lawson's trial counsel did present evidence that Lawson suffered from a mental disease or defect during the guilt phase. At the end of the sentencing proceeding, the court instructed the jury that it was to consider all the evidence adduced in the earlier proceeding, as well as any new evidence presented during sentencing.

The trial court was required to instruct the jury on those applicable mitigating factors presented by the defense. It did so. Lawson has failed to demonstrate through the record or through additional evidence that his trial counsel's conduct was either ineffective or prejudicial. Further, Lawson did not raise these claims on direct appeal, and they were barred by *res judicata.* Lawson's third and fourth assignments of error are overruled.

In conclusion, after reviewing the record, and Lawson's petition for relief, including each attached exhibit, we are convinced that the trial court did not err in dismissing Lawson's postconviction petition without ordering an evidentiary hearing. The petition, the files and the record of the case demonstrate that Lawson is not entitled to postconviction relief.

The judgment is affirmed.

*Judgment affirmed.*

KOEHLER and POWELL, JJ., concur.