DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Anthony McGee appeals from the decision of the Lorain County Court of Common Pleas denying his petition for postconviction relief. We affirm.
On May 10, 1996, McGee pleaded guilty to one count of having a weapon while under a disability, with two specifications, and one count of carrying a concealed weapon, with a specification, after the trial court denied a motion to suppress evidence. McGee later filed a motion to withdraw his guilty plea, and the trial court denied the motion. The trial court sentenced McGee on July 26, 1996. McGee appealed to this court, and we affirmed the trial court. State v. McGee (July 2, 1997), Lorain App. No. 96CA006507, unreported.
On May 21, 1997, McGee filed a petition for postconviction relief pursuant to R.C. 2953.21. The trial court denied the petition as barred by res judicata on September 11, 1997. McGee now appeals to this court.
McGee asserts three assignments of error:
 I. The Common Pleas Court erroneously found that the files and the records pertaining to the proceedings against present [sic] no substantive grounds for relief pursuant to Ohio Revised Code Section 2953.21 petition review.
 II. Appellant was denied due process where Common Pleas Court failed to grant evidentiary hearing [sic].
 III. Common Pleas Court erroneously found issues barred by doctrine of res judicata where evidence to support claim of ineffective assistance of counsel was outside of the trial record.
Because the assignments of error deal with common issues, we address them together.
In his petition to the trial court, McGee argued that he was deprived of effective assistance of counsel because his trial attorney did not interview or subpoena Michelle Gray. Ms. Gray was with McGee at the time he was arrested by police. In support of his contention, McGee offered an affidavit from Ms. Gray that stated that she could have offered testimony helpful to McGee but was never contacted by McGee's attorney.
A petition for postconviction relief may be properly denied without an evidentiary hearing if the claims raised in the petition are barred by res judicata. State v. Weaver (Dec. 31, 1997), Lorain App. No. 97CA006686, unreported, at 5.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. (Emphasis sic.) Furthermore, if a defendant is represented by different counsel on appeal, res judicata bars any claim of ineffective assistance of trial counsel that could be determined without resorting to evidence outside (dehors) the record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus. "To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record." State v. Lawson (1995), 103 Ohio App.3d 307, 315.
The trial court properly denied McGee's petition based on resjudicata. McGee's evidence outside the record consists of an affidavit from Ms. Gray. McGee raised the issue of ineffective assistance of trial counsel, based on counsel's failure to use Ms. Gray as a witness, in his direct appeal from conviction. We determined that he was not deprived of effective assistance of counsel, because McGee made "no showing that, if counsel had interviewed and subpoenaed Ms. Gray, the outcome of his trial would have been different. Ms. Gray, in fact, was listed as a potential witness for the state in the discovery it provided to the defendant." McGee, supra, at 11. The new evidence offered by McGee in his petition does not alter the result. This issue was fully and fairly litigated in McGee's prior appeal and is therefore barred by res judicata.
The trial court properly concluded that McGee's petition was barred by res judicata and did not err by denying the petition for postconviction relief without an evidentiary hearing. McGee's first, second, and third assignments of error are overruled.
McGee's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J. CONCURS
DICKINSON, J.
CONCURS IN JUDGMENT ONLY