DECISION
Defendant-appellant, Tracy D. Patterson, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition for post-conviction relief under R.C. 2953.21 without an evidentiary hearing.
By indictment filed June 13, 1997, defendant was charged with attempted murder, felonious assault, and kidnapping, all arising out of an attack on Loretta Campbell, defendant's fiancée. A jury trial resulted in a not guilty verdict on the attempted murder charge, but a finding of guilty for felonious assault and kidnapping. Defendant's conviction was affirmed on appeal. Statev. Patterson (Sept. 22, 1998), Franklin App. No. 97APA12-1682, unreported (1998 Opinions 4445).
While defendant's appeal was pending before this court, defendant filed a petition for post-conviction relief, contending that his Sixth Amendment right to a fair trial was infringed because Loretta Campbell, who testified for the state, was not competent to testify. Defendant attached to his petition an unsworn letter, purportedly executed by Campbell, indicating that Campbell consumed marijuana and alcoholic beverages prior to testifying at defendant's trial. The trial court denied defendant's petition, without a hearing, in a decision containing findings of fact and conclusions of law. Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN NOT HOLDING AN EVIDENTIARY HEARING.
 II. THE TRIAL COURT ERRED IN FINDING CLAIMS TO BE RES JUDICATA.
Defendant's first assignment of error contends that the trial court should have held an evidentiary hearing to assess his claim that Loretta Campbell's alleged incompetency to testify deprived him of a fair trial.
A criminal defendant seeking relief under R.C. 2953.21
must claim "that there was such a denial or infringement of his [or her] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." A hearing, however, is not automatically required when a petition for post-conviction relief is filed. Rather, the petition, supporting affidavits, and files and records in the case must demonstrate substantive grounds for relief that would warrant the hearing. The petitioner has the burden to submit evidentiary documents containing sufficient operative facts to support his or her claim for relief. State v. Jackson (1980), 64 Ohio St.2d 107, syllabus. If the petitioner fails to meet that burden, the trial court may summarily dismiss the petition without a hearing. Statev. Perry (1967), 10 Ohio St.2d 175, paragraphs two and three of the syllabus.
A petition for post-conviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal: such issues are barred by the doctrine of resjudicata. Perry, supra, paragraphs seven, eight, and nine of the syllabus. If, however, resolution of the issue requires evidence outside the record, res judicata will not bar consideration of the issue. State v. Lawson (1995), 103 Ohio App.3d 307, 315 (citingState v. Smith (1985), 17 Ohio St.3d 98, 101, n. 1). Moreover, "the evidence must be admissible evidence, that is to say, proper evidence that would be admissible at the hearing, to be considered in making the determination required by R.C. 2953.21(C)." State v.Smith (Mar. 4, 1998), Trumbull App. No. 97-T-0164, unreported; see, also, State v. Moreland (May 26, 1994), Franklin App. No. 93APA11-1546, unreported (1994 Opinions 2279) (holding that affidavits containing hearsay failed to support petition for post-conviction relief); Lawson, supra, (holding that supporting evidence must be competent and relevant).
Here, defendant submitted a letter in support of his petition for post-conviction relief, but the letter neither demonstrates substantive grounds for relief, nor meets the requirements of admissibility. The letter, if believed, establishes only that Campbell consumed a forty-ounce container of beer and shared a marijuana cigarette with friends at some time prior to testifying in defendant's trial. The letter fails to demonstrate that Campbell was impaired by the time she was called as a witness or that she was unable to testify truthfully. Indeed, Campbell's testimony appears from the trial transcript to be lucid and responsive. Moreover, the letter is unsworn, and thus is not admissible evidence.
The trial court properly denied defendant's petition without an evidentiary hearing, as defendant failed to submit admissible, evidentiary documents containing sufficient operative facts to support his claim for relief. Jackson, supra, syllabus. Defendant's first assignment of error is overruled.
Because the failure of defendant's evidentiary support constitutes an independent basis for the trial court's denial of defendant's petition for post-conviction relief, we need not address defendant's second assignment of error regarding the application of the doctrine of res judicata, as that assignment of error is moot. App. R. 12(A)(1)(c).
Having overruled defendant's first assignment of error, rendering defendant's second assignment of error moot, we affirm the judgment of the trial court.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.