DECISION AND JOURNAL ENTRY
Defendant, Michael Stallings, has appealed from a judgment in the Summit County Common Pleas Court that dismissed his petition for postconviction relief. This Court affirms.
 I.
On January 21, 1998, Defendant was convicted of several crimes including the aggravated murder of Rolishia Michelle Shephard. He was sentenced to death on the aggravated murder conviction.[1] On January 11, 1999, Defendant filed a petition for postconviction relief, asserting twenty grounds for relief.[2] The trial court dismissed his petition without a hearing on April 26, 1999, holding that the grounds for relief were barred by res judicata and were without substantive merit. Defendant timely appealed, asserting one assignment of error.
 II. Assignment of Error Number One: The trial court erred in granting the state's motion to dismiss [Defendant's] post-conviction petition [sic] in violation of [Defendant's] rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.
In his sole assignment of error, Defendant has asserted that his constitutional rights were violated when the trial court dismissed his petition for postconviction relief. Essentially, Defendant has argued that the trial court erred in dismissing his twenty grounds for relief without conducting a hearing. This Court disagrees.
R.C. 2953.21 governs the dismissal of a petition for postconviction relief.[3] See State v. Benner (Aug. 27, 1997), Summit App. No. 18094, unreported, at 5, citing State v.Fluker (May 18, 1994), Lorain App. No. 94CA005793, unreported.
 Before granting a hearing on a petition * * * the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript.
R.C. 2953.21(C). After reviewing Defendant's petition, supporting affidavits, documentary evidence, and his case file, the trial court issued a journal entry that dismissed his petition. The trial court found that his twenty grounds of relief were barred by res judicata. Under the doctrine ofres judicata, a final judgment of conviction bars a defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Because Defendant attached new evidence to his petition, he has argued that this evidence is outside the record, therefore, defeating the res judicata bar. Defendant's argument is not well taken. Presenting evidence outside the record does not automatically defeat the doctrine of res judicata. State v.Lawson (1995), 103 Ohio App.3d 307, 315. Such evidence "must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of Perry by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim[.]" Id. In addition, evidencedehors the record must demonstrate that the claims advanced in the petition could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record. See State v. Johnson (Sept. 10, 1997), Summit App. No. 18208, unreported, at 6.
In light of the foregoing, Defendant failed to demonstrate that he could not have raised his claims on appeal. In his first through fifth claims for relief, he asserted that his trial counsel was ineffective by failing to offer testimony by certain experts. Specifically, Defendant asserted that his trial counsel failed to present the following: evidence of neurological brain impairment; comprehensive mitigating evidence during his sentencing phase; a theory of mitigation supported by comprehensive psychological evidence; evidence of Defendant's psychological history; and psychological evidence of his DSM-IV diagnosis. However, the trial counsel did offer an expert, Dr. Bendo, to present mitigating psychological evidence. Most of Defendant's evidence outside the record contradicted the testimony of Dr. Bendo, while the rest of the evidence merely repeated the psychological and behavior problems that Dr. Bendo mentioned at trial. Because his evidence dehors the record did not add any substance to his claims for relief, he failed to demonstrate that the claims could not be fully addressed based on the original record and raised on his appeal. Therefore, his first through fifth claims for postconviction relief were barred by resjudicata.[4]
In his sixth through thirteenth claims for relief, Defendant asserted that his trial counsel failed to adequately investigate his background to present crucial mitigating evidence to the jury.[5] Essentially, Defendant asserted that the testimony of his family members would have helped the jury when considering the mitigating evidence concerning his background. In reviewing the attached affidavits, this Court concludes that they are merely redundant. Defendant, Karen Redmon, and Dr. Bendo testified at trial about his difficult upbring. The attached affidavits add little, if any, substance to each claim. Because his sixth through thirteenth claims could have been raised on appeal, they are barred by res judicata.
In his fourteenth through sixteenth grounds for relief, Defendant argued that his counsel was ineffective by failing to retain an expert on firearms, gang cultures, and a toxicologist. Again, these claims could have been raised on appeal and are barred by res judicata. Furthermore, the attached affidavits merely contradict the strategy used by Defendant's trial counsel. Because the actions of Defendant's trial counsel appear on the face of the record, his claims are reviewable on appeal, therefore, Defendant's fourteenth through sixteenth claims are barred by res judicata.
Defendant's seventeenth and eighteenth grounds for relief challenged the trial court's instructions to the jury, while his nineteenth and twentieth claims argued the death penalty was unconstitutional. Again, Defendant could have raised these claims on appeal. "A request for postconviction relief is not a second chance at appeal." State v. Dennis (Nov. 19, 1997), Summit App. No. 18410, unreported, at 5. Because Defendant failed to demonstrate that his grounds for relief could not be fully addressed on appeal, the trial court was correct in dismissing his petition for relief based on the doctrine of res judicata.[6] Defendant's assignment of error is overruled.
 III.
Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
BATCHELDER, P.J. and SLABY, J. CONCUR.
[1] A direct appeal of his convictions is presently before the Ohio Supreme Court.
[2] Defendant filed a motion to amend his petition, however, the trial court denied his motion. Defendant refers to this motion in his brief, but has failed to raise it as an assignment of error. Therefore, this Court will not address it.
[3] Defendant has suggested that this case is guided by Civ.R. 56, however, a postconviction proceeding has its own statutory authority. See R.C. 2953.21.
[4] This Court notes that two attorneys, who did not represent Defendant at trial, are currently representing Defendant in his direct appeal.
[5] This Court notes that Defendant's original petition was missing affidavits to support his ninth through eleventh claims for relief. Because the trial court did not allow Defendant to amend his petition, this Court cannot review the affidavits as evidence.
[6] Because his claims for relief are barred by res judicata, this Court need not address the merits of such claims.