DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas which denied appellant's petition for postconviction relief, and granted the state's summary judgment motion.
The following facts were undisputed at trial. Two masked men entered Nations Credit Financial Services ("Nations Credit") on September 3, 1996, and ordered employee, Crystal White, and customer, Carol Woods, to get down on the floor. Before Woods responded, one of the men struck the side of Woods' head with a gun, causing her to fall. The two men fled on foot with money they had taken, and met up with a third man, Jermaine McNeeley, who drove them away from the scene.
Appellant, Lawrence K. Patterson, was arrested for his involvement in the robbery based on McNeeley's statements against him and Woods' identification of him from a photograph in the Toledo Blade.
Following a jury trial, appellant was convicted of aggravated robbery, a violation of R.C. 2911.01(A)(1). The jury found appellant not guilty of a gun specification. Appellant appealed the conviction, claiming it was based on insufficient evidence and was against the manifest weight of the evidence. This court found that assignment of error not well taken, and affirmed the judgment of the trial court, State v. Patterson (June 30, 1999), Lucas App. No. L-97-1377, unreported.
Appellant filed a petition for postconviction relief with the trial court, based on alleged ineffective assistance of counsel, which the court denied. The state filed a responsive motion for summary judgment which the trial court granted.
Appellant now asserts the following assignment of error:
 "I. THE TRIAL COURT ERRED TO PETITIONER'S PREJUDICE VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION BY GRANTING SUMMARY JUDGMENT TO THE STATE AND/OR DISMISSING THE PETITION WITHOUT EVIDENTIARY HEARING WHEN THE PETITION AND SUPPORTING DOCUMENTS WARRANTED EVIDENTIARY HEARING AS [sic] MATTER OF LAW."
Although appellant's assignment of error indicates the right to an evidentiary hearing is at issue, appellant, who presents this appeal pro se, is essentially arguing ineffective assistance of counsel in his brief. We will address both of these issues.
An evidentiary hearing is not automatically required for every petition seeking postconviction relief. State v. Jackson
(1980), 64 Ohio St.2d 107, 110. In order to obtain an evidentiary hearing, the petitioner must show there are substantive grounds for relief that warrant a hearing, based on the petition, supporting affidavit, and case files and records. Id.
Appellant asserts that the trial court should not have granted the state's motion for summary judgment because there were five, material issues of fact in dispute which warranted an evidentiary hearing. Four of these directly describe alleged ineffective assistance of counsel, namely, counsel's failure to:
 "* * * apprise defendant that Ms. Woods would be offering identification testimony at the trial * * *
"* * * disclose `discovery materials' with the defendant * * *
 "* * * properly attack the Woods' identification prior to the trial of the case as it was based upon defective procedure and unduly suggestive observance of defendant's picture in a local newspaper article * * *
 "* * * investigate the State's alleged Glock[1]
firearm [serial #03146] used as evidence and alleged to be both a .40 caliber and a 9mm in the State's case-in-chief and evidentiary documentation. * * *"
The fifth issue of material fact claimed by appellant was that the "* * * applicable law was also in dispute as to the alleged legality of the identification by Woods and the alleged Glock firearm's admissability [sic] into evidence in this case." However, appellant does not explain what he means by this, or how it relates to his claim of ineffective assistance of counsel.
Constitutional issues which a prisoner represented by counsel has or could have raised on direct appeal are barred by the doctrine of res judicata from being raised in a postconviction proceeding. State v. Perry (1967), 10 Ohio St.2d 175, paragraph seven of the syllabus. Competent, relevant, and material evidencede hors the record may defeat the application of res judicata.State v. Lawson (1995), 103 Ohio App.3d 307, 315. However, appellant did not provide such evidence in this case. Another, limited exception to res judicata exists for petitioners asserting ineffective assistance of counsel who were represented by the same counsel at trial and on direct appeal. However, that is also not applicable to this case since appellant was represented by Ronnie Wingate and Bruce Drysdale at his trial, and by David Bodiker and Kevin Fahey for his direct appeal. Appellant did not raise the issue of ineffective assistance of counsel on direct appeal. Therefore, his petition for postconviction relief is barred by the doctrine of res judicata.
However, we note that even if res judicata did not bar appellant's petition, he still failed to meet his burden of overcoming the presumption that his trial counsel acted within the boundaries of reasonable trial strategy. The trial court found that appellant did not provide sufficient evidence of his claims of ineffective counsel, and even if he had, there was no showing of prejudice. Following a thorough review of the record, we find that it supports the trial court's conclusion.
Therefore, we find that the trial court did not err in granting the state's motion for summary judgment and dismissing appellant's petition for postconviction relief without holding an evidentiary hearing.
Accordingly, we find appellant's assignment of error not well-taken and affirm the judgment of the trial court. Court costs assessed to appellant.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,J., CONCUR.
[1] Glock is a brand of pistol.