OPINION
Defendant-appellant, Jerry W. Bishop, appeals the decision of the Madison County Court of Common Pleas dismissing, without a hearing, his petition for postconviction relief.
Bishop is an inmate at Madison Correctional Institution. He was convicted of killing Damico Watkins, a black juvenile who was also an inmate at Madison Correctional Institution, in April 1996. Bishop was indicted on one count of aggravated murder, with a death penalty specification.
After a jury trial, Bishop was found guilty of the lesser included offense of murder and sentenced to a fifteen-year to life prison term, consecutive to his current prison sentence. Bishop was appointed new counsel for purposes of appeal. This court affirmed Bishop's conviction. The details of the murder and trial are set forth in that opinion. State v. Bishop (Oct. 5, 1998), Madison App. No. CA97-07-032, unreported, appeal dismissed (1999),84 Ohio St.3d 1503, appeal dismissed, 86 Ohio St.3d 1438.
Bishop retained his current counsel after these appeals. Through his counsel, Bishop filed in this court an application to reopen his appeal. In his application, Bishop alleged that his original appellate counsel was ineffective for failing to raise on appeal alleged deficiencies of trial counsel. This court denied Bishop's application. State v. Bishop (Apr. 14, 1999), Madison App. No. CA97-07-032, unreported, entry denying application for reopening appeal. This court found that appellate counsel was not deficient. This court further found that, contrary to Bishop's assertions, there was no evidence of animosity between Bishop and his trial counsel, although there was ample evidence of "pervasive and unwarranted interference with [counsels'] pre-trial preparation and advice" by Bishop's wife.
Through counsel, Bishop then filed in the trial court a petition for postconviction relief, asserting that he was denied due process because of ineffective assistance of trial counsel. The alleged ineffectiveness was based upon the same reasons asserted in Bishop's application to reopen his appeal. With his petition, Bishop filed affidavits from family members and friends and extensive exhibits to point out alleged specific incidents of his trial counsels' ineffectiveness and hostility. The state responded with a motion to dismiss without an evidentiary hearing. The trial court granted the motion to dismiss. Bishop appeals.
Assignment of Error No. 1:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GRANTED AN EVIDENTIARY HEARING.
Assignment of Error No. 2:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT RELIED ON ITS OWN RECOLLECTION IN MAKING A DETERMINATION OF FACTUAL ISSUES.
Assignment of Error No. 3:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GRANTED POST-CONVICTION RELIEF WHERE CONSTITUTIONAL VIOLATIONS HAD BEEN SHOWN.
Bishop contends that he set forth specific facts entitling him to a new trial based upon his trial counsel's ineffectiveness and hostility in presenting a defense. He asserts that his supporting affidavits should be taken as true, and if so taken, they set forth sufficient grounds for granting postconviction relief.
At the outset, this court has reviewed Bishop's petition and supporting documents and the trial court's decision. Nothing in the record suggests that the trial court made incorrect factual determinations based upon its own personal recollections. Rather, all factual determinations by the trial court have support, either in the record before this court or on the basis of the trial court's and this court's previous decisions in this matter.
R.C. 2953.21(C) provides:
 Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
Where a petition is based upon alleged ineffective assistance of counsel, before a hearing is granted a petitioner bears the initial burden "to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980), 64 Ohio St.2d 107, syllabus. When reviewing the petition and supporting papers, the trial court should give due deference to these, but in its discretion it may judge their credibility when determining whether to accept them as true statements of fact. State v.Calhoun (1999), 86 Ohio St.3d 279, paragraph one of the syllabus.
The decision of the trial court to deny the petition without a hearing is reviewed for an abuse of discretion. State v. Watson
(1998), 126 Ohio App.3d 316, 324, appeal dismissed, 82 Ohio St.3d 1413. The trial court must make findings of fact and conclusions of law which are "comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." Calhoun, 86 Ohio St.3d at paragraph three of the syllabus. Res judicata bars the consideration of any claim that was or could have been raised in previous appeal. State v.Steffan (1994), 70 Ohio St.3d 399, 410; State v. Lawson (1995),103 Ohio App.3d 307, 315, appeal dismissed, 74 Ohio St.3d 1404.
The trial court did not abuse its discretion by concluding that Bishop's petition presented no substantive grounds for relief. First and foremost, Bishop alleges only ineffective assistance of trial counsel. This issue was raised in part in his original appeal. Further, the reasons Bishop provides as proof of ineffective trial counsel were raised in his motion to reopen his appeal. In both this court's original opinion and in its later entry, this court specifically found that counsel was effective. Thus, these issues are barred as res judicata.
It must be noted that the trial court provided a detailed seventeen page entry supporting its decision to dismiss Bishop's petition without a hearing. In this entry, the trial court extensively quoted from its own decisions, this court's opinion upon appeal, and this court's entry denying Bishop's motion to reopen his appeal. These excerpts and additional new findings made by the trial court conclusively demonstrate that Bishop's trial counsel and appellate counsel not only effectively represented their client, they showed great concern for his fate, doing everything in their power to ensure that he did not receive the death penalty. It is also conclusively shown that any animosity towards counsel was solely by Bishop's wife, who continually sought to interfere with counsel's ability to defend their client.[1]
The trial court did not abuse its discretion by dismissing, without a hearing, Bishop's petition for postconviction relief. The assignments of error are overruled.
YOUNG, P.J., and VALEN, J., concur.
[1] Notably, the record indicates that Bishop's wife is cooperating with Bishop's current counsel. In fact, prior to trial, Bishop's wife filed a motion in Bishop's name soliciting the trial court to appoint current counsel as second-chair trial counsel.