OPINION
{¶ 1} Defendant-appellant Charles Gruber appeals the March 25, 2003, Judgment Entry of the Stark County Court of Common Pleas which overruled appellant's Motion to Alter or Amend Judgment and Sentence, Relief from Judgment, and/or for a New Trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 17, 2002, the Stark County Grand Jury indicted appellant on eight counts of aggravated robbery in connection with a series of robberies which occurred between February 26, 2002, and March 7, 2002. Appellant entered a plea of not guilty to all the charges contained in the indictment at his arraignment. The first trial ended in a hung jury. A second jury trial commenced on August 26, 2002.
 {¶ 3} After hearing all the evidence and deliberations, the jury found appellant guilty of six of the eight counts of aggravated robbery. The trial court conducted a sentencing hearing on September 10, 2002. The trial court sentenced appellant to a period of incarceration of nine years on each count. The trial court ordered that counts one and two were to be served concurrently, counts three and five were to be served concurrently, and count six and eight were to be served concurrently, but ordered that each of the concurrent sentences were to be served consecutively to the other, resulting in an aggregate sentence of twenty-seven years.
 {¶ 4} On October 4, 2002, appellant, through appointed counsel, filed a timely direct appeal to this court. In that appeal, appellant argued that the trial court erred when it did not sentence appellant to the minimum term of incarceration and when it imposed consecutive sentences. This court affirmed appellant's conviction and sentence on July 21, 2003.[1]
 {¶ 5} On December 19, 2002, while appellant's direct appeal was still pending, appellant filed a Motion to Alter or Amend Judgment and Sentence and/or Motion for Relief from Judgment and/or Motion for New Trial. The trial court denied that motion on March 25, 2003.
 {¶ 6} It is from the March 25, 2003, denial of appellant's motion that appellant appeals, raising the following assignment of error:
 {¶ 7} "The Trial Court Erred In Denying Appellant's Pro Se Post Conviction Motion To Alter And Amend Judgment And Sentence And Re-sentence Appellant To Minimum And Concurrent Terms Which Was Contrary To State Law And R.C. [Sec.] 2929.14(B, E), And The Due Process Clause Of The Fourteenth Amendment Of The U.S. Constitution."
 {¶ 8} In appellant's sole assignment of error, appellant contends that the trial court erred when it denied appellant's pro se post conviction motion to alter and amend judgment. We disagree.
 {¶ 9} Appellant's motion must be considered a petition for post conviction relief under R.C. 2953.21. However, the doctrine of res judicata bar appellant's claims.
 {¶ 10} Under the doctrine of res judicata, a final judgment of conviction "bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment or conviction or on an appeal from that judgment." Statev. Perry (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (emphasis added). An appeal of a trial court's denial of a Motion to Modify Sentence is barred by res judicata if the issue of sentencing could have or should have been raised on a previous appeal. State v. Jones (Jan. 25, 2001), Richland App. No. 00-CA71, 2001 WL 81998. A petitioner can overcome the res judicata bar to post conviction relief only if the petitioner presents competent, relevant and material evidence de hors, or outside, the record. State v. Lawson (1995), 103 Ohio App.3d 307, 315,659 N.E.2d 362.
 {¶ 11} Appellant's arguments are based upon the record and are essentially the same as the issues addressed in appellant's direct appeal. Specifically, appellant argues that he should have been sentenced to minimum, concurrent sentences and bases that argument upon the record in the trial court. The issues herein raised have been or could have been fully litigated in appellant's direct appeal. Accordingly, appellant's assignment of error is barred as res judicata.
 {¶ 12} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 13} The Judgment of the Stark County Court of Common Pleas is affirmed.
[1] State v. Gruber, Stark App. No. 2002CA00325, 2003-Ohio-3928.