DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant, Clarence R. Blackert, appeals from the Medina County Court of Common Pleas' denial of his petition for post conviction relief after conviction in Medina County for theft. We reverse and remand.
 {¶ 2} On September 17, 2004, the Medina County Grand Jury indicted Defendant on one count of theft, in violation of R.C. 2913.02(A)(1). On June 14, 2005, Defendant pled no contest to the charge and was found guilty and sentenced to one year in prison to be served consecutively with a prison sentence from Summit County for receiving stolen property. On February 16, 2006, Defendant filed a petition for post-conviction relief (the "PCR Motion"), which the trial court denied on February 22, 2006. On March 23, 2006, the trial court issued findings of fact and conclusions of law regarding its denial of the PCR Motion. Defendant timely appealed the denial of the PCR Motion, raising two assignments of error for review.
 Assignment of Error No. 1 "The trial court erred by denying [Defendant's] Petition for Post Conviction Relief because Appellant received ineffective assistance of trial counsel in violation of his rights pursuant to the sixth amendment of the U.S. Constitution and Section 10, Article I of the Ohio Constitution."
 Assignment of Error No. 2 "The trial court erred in denying [Defendant's] petition for post-conviction relief when it held that appellant's prior conviction of receiving stolen property in one county of an automobile did not bar a subsequent prosecution for theft of the same automobile in another county, in violation of the double jeopardy clause and appellant's rights pursuant to the fifth and fourteen amendment to the U.S. Constitution and Section 10, Article I of the Ohio Constitution and R.C. 2941.25."
 {¶ 3} Defendant argues that the trial court abused its discretion when it denied the PCR Motion. Specifically, he has argued that: (1) he was denied effective assistance of counsel because his attorney failed to research and properly advise him of a double jeopardy issue; and (2) his constitutional right pursuant to the double jeopardy clause was violated when he was prosecuted for theft of a truck for which he had already been convicted of receiving in another county (collectively the "Errors").
 {¶ 4} "A petitioner for post-conviction relief has an initial burden of providing evidence of sufficient operative facts to demonstrate a cognizable claim of a constitutional error." State v. McNeill (2000),137 Ohio App.3d 34, 40, 738 N.E.2d 23, appeal not allowed (2000),89 Ohio St.3d 1453, certiorari denied (2000), 531 U.S. 1041.The Court acknowledges the State's argument that the PCR Motion is barred by the doctrine of res judicata, which prevents a convicted defendant "who was represented by counsel from raising and litigating any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." State v. Szefcyk (1996), 77 Ohio St.3d 93, 95,671 N.E.2d 233, quoting State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. However, the presentation of "competent, relevant, and material evidence" outside the record, may preclude the application of res judicata. State v. Lawson (1995),103 Ohio App.3d 307, 315, 659 N.E.2d 362, citing State v. Smith (1985),17 Ohio St.3d 98, 101, 477 N.E.2d 1128, fn. 1. The evidence presented outside the record "must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of Perry by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis[.]"Lawson, at 315, quoting State v. Coleman (Mar. 17, 1993), 1st Dist. No. C-900811. The evidence introduced by appellant falls squarely into the category discussed by Lawson.
 {¶ 5} In support of his petition, appellant relied upon facts not introduced during his proceedings in Medina County. Specifically, appellant introduced a letter from his counsel indicating that his counsel believed that appellant could be convicted for both theft and receiving stolen property. This letter would not have been in the record of appellant's direct appeal. If appellant had attempted to raise the issue of allied offenses on direct appeal, he would have been required to rely upon evidence dehors the record. In his petition, appellant's affidavit swears that the vehicle which formed the basis of both his convictions was the same vehicle. Specifically, Appellant alleged that he was convicted and sentenced for receiving stolen property in Summit County. At a later date, appellant was convicted and sentenced for theft in Medina County. In his affidavit, appellant swore that the offenses involved the same vehicle. Appellant went as far as to state that the vehicle identification number used for both prosecutions was the same. As noted above, this information was not placed in the record during appellant's trial proceedings because of his counsel's belief that no viable claim existed. Accordingly, appellant presented cogent evidence dehors the record that supported his petition.
 {¶ 6} Furthermore,
 "Although receiving stolen property is technically not an lesser included offense of theft, receiving stolen property and theft of the same property are clearly allied offenses of similar import[.]" See Maumee v. Geiger (1976), 45 Ohio St.2d 238, 244, 344 N.E.2d 133; State v. Botta (1971), 27 Ohio St.2d 196, 204, 271 N.E.2d 776.
 "The same facts were used to convict Yarbrough of stealing the Blazer and of receiving the Blazer as stolen property. * * * Thus, convicting and sentencing Yarbrough both for receiving the stolen Blazer and for theft of the Blazer violated R.C. 2941.25(A)." State v. Yarbrough, 104 Ohio St.3d 1, 2004-Ohio-6087, at ¶ 99-102.
 {¶ 7} Accordingly, the evidence relied upon by appellant supports at a minimum the granting of a hearing on his petition to determine the validity of the statements made in his affidavit. Defendant's assignments of error are sustained and this matter is reversed and remanded to the trial court for a hearing on the PCR Motion.
Judgment reversed,
and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
CARR, J. , MOORE, J. CONCUR