OPINION
Defendant-appellant, Darrell Bell, appeals a decision of the Butler County Court of Common Pleas denying his petition for postconviction relief without a hearing. We affirm the decision of the trial court.
Appellant was convicted on three counts of rape, three counts of felonious sexual penetration, and five counts of sexual battery. The convictions were the result of offenses involving appellant's daughter. Appellant appealed the convictions. While the appeal was pending, appellant filed a petition for postconviction relief with the trial court on November 2, 2000. The trial court stayed the petition pending resolution of appellant's appeal to this court. This court affirmed appellant's convictions on appeal. State v. Bell (Apr. 30, 2001), Butler App. No. CA99-07-122, unreported.
On July 26, 2001, the trial court denied appellant's petition for postconviction relief without an evidentiary hearing. Appellant now appeals the trial court's denial of his petition and raises the following assignment of error:
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF AND HIS REQUEST FOR AN EVIDENTIARY HEARING.
The trial court found that appellant's claims in his petition for postconviction relief were barred by res judicata because the claims were or could have been raised on direct appeal. Appellant contends that the trial court erred in finding his petition was barred by res judicata
because his claims of ineffective assistance of counsel rely on evidence outside the record.
A postconviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. State v. Steffen
(1994), 70 Ohio St.3d 399, 410. A criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. State v. Calhoun (1999),86 Ohio St.3d 279, 282; State v. Cole (1982), 2 Ohio St.3d 112. In the interest of judicial economy and efficiency, it is not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled.Calhoun at 283.
Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief. Id. at paragraph two of the syllabus; R.C. 2953.21(C). The petitioner bears the initial burden to provide evidence containing sufficient operative facts to demonstrate a cognizable claim of constitutional error. State v.Kapper (1983), 5 Ohio St.3d 36, 37-38. In addition, before a hearing is warranted, the petitioner must demonstrate that the claimed "errors resulted in prejudice." Calhoun at 283. A trial court's decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. See id. at 284, (stating that the postconviction relief "statute clearly calls for discretion in determining whether to grant a hearing").
A trial court may dismiss a postconviction petition under the doctrine of res judicata where the claims have already or could have been fully litigated by the petitioner while represented by counsel, either before the judgment of conviction or on direct appeal from that judgment. Statev. Perry (1967), 10 Ohio St.2d 175, paragraphs seven and nine of the syllabus. The presentation of competent, relevant, and material evidence outside the record may, however, defeat the application of res judicata.State v. Smith (1997), 125 Ohio App.3d 342, 348. To overcome the resjudicata bar, the evidence outside the record "must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original [trial] record." Id. Res judicata still applies to the claim if the evidence outside the record is "marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery." State v. Lawson (1995),103 Ohio App.3d 307, 315.
In his postconviction relief petition, appellant alleges that his trial counsel was ineffective. To establish a claim of ineffective assistance of counsel, appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. Strickland v. Washington
(1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 2065. Therefore, before a hearing is granted, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980),64 Ohio St.2d 107, syllabus. Prejudice will not be found unless appellant demonstrates there is a reasonable possibility that, if not for counsel's errors, the result of the trial would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. Id. at 142.
Appellant alleges eight instances in which his trial counsel was ineffective. The trial court addressed these instances and found that each of the issues were raised or could have been raised on direct appeal. We agree.
Appellant contends that two of the claims in his postconviction relief petition were not raised on direct appeal. Although not raised in the context of ineffective assistance of counsel, both instances were raised as alleged error on direct appeal. Appellant argues that trial counsel was ineffective for failing to excuse or investigate a juror who is the assistant principal of a middle school where the victim and appellant's other children were enrolled. Appellant argued on appeal that the court erred by denying appellant a new trial on the basis of juror misconduct for allowing this juror to serve. We found no evidence the juror was influenced by his position of assistant principal and no evidence that he remembered appellant's children. Thus, we found that no juror misconduct occurred.
Appellant argues that trial counsel failed to object to portions of the prosecutor's closing argument. On direct appeal, appellant argued prosecutorial misconduct occurred in closing arguments. We found the prosecutor's remarks were proper and not prejudicial. Because we found no error in the selection of the juror or in the prosecutor's closing remarks, trial counsel was not ineffective in these areas.
Appellant contends that other instances of ineffective assistance of counsel which were raised on direct appeal should not be barred by resjudicata because they rely on evidence outside the record. On direct appeal, this court found that trial counsel was not ineffective for failing to review videotapes, failing to submit medical records and for failing to make an adequate record and preserve issues for appeal. Appellant also argues that counsel was ineffective for failing to subpoena records from a children's services agency and failing to admit a videotape of the home into evidence. Appellant argues that because these items are outside the record and the items themselves could not be reviewed on appeal, his claims are not barred by res judicata.
The decision of trial counsel not to review the three videotapes given to the victim by her uncle, not to present the victim's medical records, and the failure to preserve issues for appeal were all discussed in our decision on direct appeal. As support for his argument that it is necessary for us to examine these actual items of evidence to determine whether counsel was ineffective in failing to submit them at trial, appellant attached medical records, a videotape of the home, and affidavits from appellant and his wife to his postconviction relief petition. As previously mentioned, res judicata still applies to the claim if the evidence outside the record is "marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery." State v. Lawson, 103 Ohio App.3d at 315.
We have carefully reviewed this evidence, the issues raised by the affidavits, and appellant's arguments with regard to this evidence. We find that appellant has failed to meet his burden to show that the evidence is more than marginally significant and that it advances his claim beyond a mere hypothesis that the result would be different if this evidence had been submitted at trial. The evidentiary issues noted by appellant all fall within the area of trial strategy.
When trial counsel makes a tactical choice to present or withhold certain evidence, a reviewing court will defer to counsel's judgment in the matter. State v. Clayton (1980), 62 Ohio St.2d 45, 49. The Ohio Supreme Court has recognized that if counsel decides, for strategic reasons, not to pursue every possible trial strategy, the defendant is not denied effective assistance of counsel. Clayton,62 Ohio St.2d at 49. Because the issues raised by appellant all fall within the area of trial strategy, appellant has failed to meet his burden to demonstrate that evidence outside the record shows his trial counsel was ineffective.
In conclusion, we find that the trial court did not err in denying appellant's petition for postconviction relief without a hearing. Appellant failed to submit sufficient operable facts to demonstrate that he is entitled to relief. The claims raised by appellant were either raised or could have been raised on direct appeal, and are thus barred byres judicata.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.