DECISION AND JUDGMENT ENTRY
This matter is before the court on accelerated appeal from the Lucas County Court of Common Pleas wherein appellant's motion to withdraw his guilty plea was overruled. The facts giving rise to this appeal are as follows.
Appellant, Dean Randleman, was indicted for felonious assault, a first degree felony, in violation of R.C. 2903.11(A)(2); carrying a concealed weapon, a fourth degree felony, in violation of R.C. 2923.12(A) and (D); and possession of crack cocaine, a fourth degree felony, in violation of R.C. 2925.11(A) and (C)(4)(b), stemming from incidents that occurred on September 28, 1997. Appellant was charged with another count of possession of crack cocaine arising from acts committed on September 30, 1997.
Following an indigency hearing, appellant was appointed counsel. On February 9, 1998, appellant, through his counsel, entered into a plea agreement. Appellant entered guilty pleas, pursuant to North Carolinav. Alford (1970), 400 U.S. 25, to the felonious assault charge and one count of cocaine possession. The concealed weapon charge and the remaining cocaine possession charge were nolled. Appellant signed two plea forms in connection to the agreement. The court accepted appellant's pleas and, on April 27, 1999, sentenced him to four years for assault and fifteen months for cocaine possession, to be served concurrently. Appellant did not appeal his sentence.
However, on November 24, 1999, appellant, through his court appointed counsel, filed a motion to reduce his sentence through judicial release. The trial court denied appellant's motion
December 14, 1999. Appellant filed additional pro se motions for judicial release on July 12, 2000, December 29, 2000, February 26, 2001, and April 24, 2001, all of which the court denied.
Appellant then filed a pro se motion to withdraw his guilty pleas on May 16, 2001, claiming ineffective assistance of counsel and that his pleas were not voluntary. Appellant claimed that on the morning of his trial, his court appointed counsel told appellant that he had not had time to prepare a defense for him. Appellant said his counsel told him that without a defense, he would be found guilty and sentenced for the maximum term of sixteen years. Appellant further claimed that his counsel urged him to accept a plea agreement in which two of appellant's four charges would be dropped, appellant would be sentenced to four years, and that he would be granted judicial release in six to nine months. Appellant accepted the plea arrangement.
Appellant went on in his motion to state that after serving six months of incarceration, he requested that his court appointed counsel file the motion for judicial release. When that motion was denied, appellant questioned his counsel regarding the terms of the plea agreement. Appellant claims his counsel told him he had "no recollection" of judicial release being part of the agreement, and that appellant should direct any further questions to the judge. Appellant stated in his motion that he wrote the judge several times, but never received a reply. Appellant further maintained that during his sentencing hearing, he attempted to explain to the judge what had transpired with counsel, but he was "cut off" by the judge, and not allowed to finish his statement.
The trial court denied appellant's motion to withdraw his guilty pleas on September 12, 2001, stating that there was nothing in the record to substantiate appellant's claims, and citing the fact that appellant had waited over three years to file his motion.
Appellant filed his notice of appeal, pro se, on October 12, 2001, and asks this court to consider the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA STATING THAT THE DEFENDANT WAS NOT MISLEAD [SIC] BY HIS COURT-APPOINTED ATTORNEY.
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANTS [SIC] MOTION TO WITHDRAW GUILTY PLEA BASED ON A TIME LIMIT, WITHOUT HOLDING A [SIC] EVIDENTIARY HEARING.
"THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT HIS RIGHT TO DUE PROCESS OF THE LAW AND CAUSING THE DEFENDANT UNDUE DELAY IN FILING A MOTION TO WITHDRAW GUILTY PLEA."
Although appellant alleges abuse of discretion in all three of his assignments of error, the predominate argument in his brief is that of ineffective assistance of counsel. We also note that appellant's motion to withdraw his guilty plea, in essence, was a motion for postconviction relief. State v. Parra (January 14, 2000), Lucas App. No. L-99-1123. As such, the motion was untimely, and appellant did not provide a justifiable reason for the delay. See R.C. 2953.21(A)(2); R.C. 2953.23(A).
However, even if appellant had filed his motion in a timely fashion, his argument fails because he did not provide any evidence outside of the record to establish trial counsel's ineffectiveness. In a petition for postconviction relief alleging ineffective assistance of counsel, the petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that counsel's ineffectiveness prejudiced the defense. State v. Jackson (1980), 64 Ohio St.2d 107, 111. In this case, appellant failed to provide any affidavits or other evidentiary documents outside of the trial record, and nothing in the record suggests that appellant was misled or that appellant's counsel was ineffective.
In addition, we note that appellant provided no evidence that his pleas were involuntary. On the contrary, the record reveals that the trial court strictly adhered to Crim.R. 11 while accepting appellant's pleas. Appellant was asked several times during his plea hearing whether or not he had been promised anything, or if anyone had threatened him to get him to plea, and each time appellant indicated he was entering his pleas of his own free will.
Furthermore, upon review, we find no abuse of discretion in this case. Appellant claims that the trial court abused its discretion in denying his motion without a hearing and by causing appellant's delay in filing his motion. An abuse of discretion connotes action by the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In order to obtain an evidentiary hearing on a motion for postconviction relief, the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. Statev. Jackson (1980), 64 Ohio St.2d 107, 110.
A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.State v. Szefcyk (1996), 77 Ohio St.3d 93, 95, following Perry,10 Ohio St.2d 175.
An exception to the res judicata bar is when the petitioner presents competent, relevant and material evidence outside of the record that was not in existence and available to the petitioner in time to support a direct appeal. State v. Lawson (1995), 103 Ohio App.3d 307, 315. The evidence must be genuinely relevant, and it must materially advance petitioner's claim that there has been a denial or infringement of his or her constitutional rights. State v. Sopjack (Aug. 22, 1997), Geauga App. No. 96-G-2004. Appellant did not present such evidence in this case. Thus, the trial court did not abuse its discretion when it denied appellant's motion.
Regarding appellant's delay in filing his motion, appellant claims in his brief that he filed a "Motion For The Production of Transcripts By An Indigent Defendant" on June 22, 2000; however, the court did not rule on and deny the motion until March 27, 2001. Appellant argues that this delay prevented him from filing his motion to withdraw his guilty plea in a timely manner. However, the date appellant bases his argument on, June 22, 2000, was already outside of the proper filing time for his motion. See R.C. 2953.21(A)(2); App.R. 4(A). Consequently, the trial court did not cause appellant unnecessary delay in filing his motion, and therefore, did not abuse its discretion.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.