OPINION
{¶ 1} Defendant-appellant Gerald R. Hand appeals the May 27, 2005 Judgment Entry of the Delaware County Court of Common Pleas dismissing his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 STATMENT OF THE FACTS AND CASE {¶ 2} On March 24, 1976, appellant notified police he found the strangled body of his wife, 28-year-old Donna Hand, in the basement of their Columbus home. On September 9, 1979, while Hand was out of town, family members found the strangled body of Hand's second wife, 21-year-old Lori Hand, in the basement of the same home. The murders of Donna and Lori Hand remained unsolved for more than 20 years.
 {¶ 3} Sometime before January 15, 2002, Hand hired Walter "Lonnie" Welch, a longtime friend, to kill his wife, 58-year-old Jill Hand. On the evening of January 15, Hand shot and killed Jill at their Delaware County home and then shot and killed Welch when he arrived there. Subsequent investigation showed Hand had previously hired Welch to kill Donna and Lori Hand.
 {¶ 4} Hand was convicted of the aggravated murders of Jill and Welch, and on June 5, 2003 was sentenced to death. The evidence established Hand's marriage to Jill had soured, Hand had accumulated more than $200,000 in credit card debt, and Hand stood to collect more than $1,000,000 in life insurance and other benefits on Jill's death. Before his death, Welch had told various friends and family members Hand hired him to kill Jill and Hand had previously hired him to kill Donna and Lori. Hand admitted he had shot Welch, and forensic evidence established Hand's claim he acted in self-defense on the night of the murders was unsupported by the evidence. Forensic evidence established Welch was shot in the back at close range. Hand also admitted to a cellmate he had shot Jill and Welch.
 {¶ 5} On May 3, 2004, appellant filed a direct appeal from his conviction and sentence with the Ohio Supreme Court. Via Judgment Entry entered January 18, 2006, the Supreme Court affirmed appellant's conviction and sentence.
 {¶ 6} On December 27, 2004, appellant filed a petition for post conviction relief, pursuant to R.C. Section 2953.21. On February 28, 2005, the State moved the trial court to dismiss appellant's motion. On May 27, 2005, the trial court granted the State's motion, dismissing appellant's petition. Appellant now appeals from that dismissal, assigning as error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S POSTC-ONVICTION PETITION WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS AND SUPPORTING EXHIBITS TO MERIT AN EVIDENTIARY HEARING AND DISCOVERY.
 {¶ 8} "II. OHIO'S POST-CONVICTION PROCEDURES NEITHER AFFORD AN ADEQUATE CORRECTIVE PROCESS NOR COMPLY WITH DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT.
 {¶ 9} "III. CONSIDERED TOGETHER, THE CUMULATIVE ERRORS SET FORTH IN APPELLANT'S SUBSTANTIVE GROUNDS FOR RELIEF MERIT REVERSAL OR REMAND FOR A PROPER POST-CONVICTION PROCESS."
 I {¶ 10} In his first assignment of error, appellant maintains the trial court erred in dismissing his petition for post-conviction relief because he raised constitutional issues for relief, noted sufficient operative facts supporting relief and meriting an evidentiary hearing, and demonstrated grounds for relief supported by evidence outside the record. Specifically, appellant challenges the trial court's denial of his post-conviction relief petition without an opportunity for discovery and/or evidentiary hearing.
 {¶ 11} R.C. Section 2953.21 governs petitions for post-conviction relief, stating, in pertinent part:
 {¶ 12} "(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, and for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 13} "* * *
 {¶ 14} "(3) In a petition filed under division (A) of this section, a person who has been sentenced to death may ask the court to render void or voidable the judgment with respect to the conviction of aggravated murder or the specification of an aggravating circumstance or the sentence of death.
 {¶ 15} "(4) A petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived.
 {¶ 16} "* * *
 {¶ 17} "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 {¶ 18} "* * *
 {¶ 19} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court."
 {¶ 20} A criminal defendant who seeks to challenge his conviction through a petition for post-conviction relief is not automatically entitled to an evidentiary hearing. State v.Calhoun, 86 Ohio St.3d 279, 282, 714 N.E.2d 905, 1999-Ohio-102. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Id. at paragraph two of the syllabus. A trial court's decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. See id. at 284,714 N.E.2d 905 (stating that the post-conviction relief statute "clearly calls for discretion in determining whether to grant a hearing").
 {¶ 21} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v.Szefcyk, 77 Ohio St.3d 93, 96, 671 N.E.2d 233, 1996-Ohio-337, quoting State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. However, the presentation of competent, relevant, and material evidence outside the record may preclude the application of res judicata. State v. Lawson
(1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362, citing Statev. Smith (1985), 17 Ohio St.3d 98, 101, fn. 1, 477 N.E.2d 1128. The evidence presented outside the record "must meet some threshold standard of cogency; otherwise it would be too easy to defeat the res judicata doctrine by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis[.]"Lawson at 315, 659 N.E.2d 362, citing State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811.
 {¶ 22} Appellant claims the trial court erred in finding the doctrine of res judicata barred the consideration of claims one, two, three, four, five, six, eight, eleven, and twelve in his petition for post-conviction relief. We disagree.
 {¶ 23} Claim one challenges the jury venire. Appellant argues the trial court should have made further inquiry of the jury concerning the effects of pretrial publicity. Upon review, appellant was not precluded from directly appealing the issue, as the issue could be determined by reviewing the voir dire transcript. The record clearly demonstrates the trial court discussed the pretrial publicity during voir dire and discussed the same with the jurors. Appellant's attachment of exhibits demonstrating pre-trial publicity to the post-conviction relief petition, though admittedly outside the original trial record, merely supplements appellant's argument which was capable of review on direct appeal on the then extant record. Accordingly, we agree with the trial court res judicata applies.
 {¶ 24} Appellant's second, third, fourth, fifth, sixth, eighth and elevenths grounds for relief assert ineffective assistance of appellant's trial counsel.
 {¶ 25} The Sixth Amendment right to effective counsel should be raised on appeal and cannot be re-litigated in a post-conviction petition if the basis for raising the issue of ineffective counsel is drawn from the record. State v. Lentz
(1994), 70 Ohio St.3d 527. In State v. Jackson (1980),64 Ohio St.2d 107, syllabus, the Supreme Court of Ohio held the following:
 {¶ 26} "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."
 {¶ 27} "Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See Rivera v. United States (C.A.9, 1963), 318 F.2d 606."
 {¶ 28} Because appellant's claims are based upon ineffective assistance of counsel, we will use the following standard set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011. Appellant must establish the following:
 {¶ 29} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 30} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 31} A review of appellant's direct appeal indicates he specifically raised numerous claims of ineffective assistance of counsel, including: ineffective assistance of counsel during voir dire; failure to call witnesses during both the guilt and mitigation phases of trial; failure to investigate, prepare and present evidence during both phases; and failure to form a reasonable trial strategy. However, appellant asserts, without evidence gathered outside the record, there was insufficient evidence available in the record to assert the claims at issue on direct appeal. We disagree.
 {¶ 32} In the second and third claims, appellant asserts counsel was ineffective for failing to question members of the venire who demonstrated knowledge of pre-trial publicity, and failing to use all of the peremptory challenges necessary to make a valid claim a change of venue should be granted.
 {¶ 33} We find the claims presented were cognizable and capable of review on direct appeal. Appellant does not offer any new evidence outside the record precluding the application of res judicata. We note the record on direct appeal was supplemented with the jury questionnaires which appellant asserts merit review under post conviction relief herein.
 {¶ 34} Claims four, five, six, eight and eleven allege ineffective assistance of counsel in the penalty mitigation phase.
 {¶ 35} Initially, we note, assuming arguendo the claims are not barred by the doctrine of res judicata, we would not find counsel's performance ineffective trial strategy. The decision to call or not call a witness is squarely within the notion of trial strategy. State v. Phillips (1995), 72 Ohio St.3d 85. The decision to call additional witnesses is a matter of trial strategy as well. State v. Clayton (1985), 45 Ohio St.2d 49. Likewise, the scope of questioning is generally a matter left to the discretion of defense counsel. State v. Singh (2004),157 Ohio App.3d 603. Upon review, we find appellant has not demonstrated the trial outcome would have been different had his trial counsel decided to call the witnesses; rather, any such alleged prejudice would be speculative.
 {¶ 36} Upon review of the record, appellant does not offer evidence outside the record precluding the application of res judicata as to the fourth, sixth, and eighth grounds for relief. Rather, the record demonstrates the issues were cognizable and capable of review on direct appeal.
 {¶ 37} Appellant's fifth claim for relief asserted ineffective assistance of trial counsel for failing to present testimony of appellant's friends and family at the mitigation phase. Upon review, we conclude the trial court did not err in dismissing appellant's fifth claim for relief, as appellant has not demonstrated prejudice as a result of trial counsel's claimed ineffective assistance; rather, appellant merely speculates the outcome of the trial would have been different, but for counsel's failure to call the witnesses.
 {¶ 38} We further find the trial court did not err in dismissing appellant's eleventh ground for relief relative to statements he made to counsel about the attempted escape of other inmates. The record clearly demonstrates appellant himself testified at trial as to his statements to counsel; therefore, appellant's claim does not provide new evidence outside the record and the Supreme Court could have considered the argument on direct appeal.
 {¶ 39} Appellant's seventh ground for relief asserted in his petition for post-conviction relief asserts juror misunderstanding and misapplication of the trial court's instructions. The trial court dismissed the claim finding the affidavit relied upon by appellant was hearsay.
 {¶ 40} In support of his claim for relief, appellant attached and cited the affidavit of Mitigation Specialist, Jennifer Cordle, interpreting the misunderstanding of a juror.
Evidence Rule 606(B) governs the issues, and provides:
{¶ 41} Competency of juror as witness
 {¶ 42} "(B) Inquiry into validity of verdict or indictment
 {¶ 43} "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes."
 {¶ 44} Appellant's claim attempts to admit the affidavit of a non-juror regarding statements of a juror, which is prohibited by Evid. R. 606. Accordingly, the trial court properly dismissed appellant's claim finding the affidavit impermissible hearsay, and finding the claim unsupported by additional evidence outside the record.
 {¶ 45} We further find the trial court did not err in denying appellant's ninth ground for relief, as the same was raised on direct appeal.
 {¶ 46} On direct appeal to the Supreme Court appellant attacked the constitutionality of Ohio's death-penalty statutes. In rejecting the claim, the Court cited State v. Carter (2000),89 Ohio St. 3d 593. Accordingly, appellant's ninth claim for relief is barred by the doctrine of res judicata.
 {¶ 47} In his twelfth ground for relief, appellant argues the State withheld material evidence in violation of his rights to due process and a fair trial. Specifically, appellant argues the State failed to disclose a Columbus, Ohio detective opened the cold case files on the murders of appellant's first two wives.
 {¶ 48} Constitutional error results when the State withholds material evidence favorable to the defendant if it is reasonably probable the evidence would lead to a different result in the proceeding. United States v. Bagley (1985), 473 U.S. 667, 682. Again, appellant's claim of a violation of his due process rights is barred by the doctrine of res judicata, if nothing precluded him from directly appealing the issue.
 {¶ 49} Upon review, the files of the Columbus Police Department were turned over to appellant's counsel, and appellant had access to the information. Further, the issue was cognizable and reviewable on direct appeal; therefore, precluded by res judicata.
 {¶ 50} Finally, appellant's tenth ground for relief argues the cumulative errors on the prior grounds for relief resulted in a fundamentally unfair proceeding; therefore, the judgment should be reversed.
 {¶ 51} Based upon our analysis and disposition set forth above, we find the trial court did not err in dismissing appellant's tenth claim for relief.
 {¶ 52} Therefore, we conclude the trial court did not abuse its discretion in denying appellant's motion for post-conviction relief without holding a hearing. Appellant's first assignment of error.
 II {¶ 53} In his second assignment of error, appellant argues Ohio's post-conviction procedures are unconstitutional. Specifically, appellant cites the lack of discovery in post-conviction proceedings.
 {¶ 54} The Ohio Supreme Court has addressed this issue holding, although post-conviction relief is deemed a collateral civil action, the liberal rules of civil discovery do not apply.State ex. rel. Love v. Cuyahoga County Prosecutor's Office
(1999), 87 Ohio St.3d 158, 159. The Court specifically held there is no requirement of civil discovery in post-conviction proceedings. This Court held in State v. Ashworth (Nov. 8, 1999), discovery is not contemplated by R.C. 2953.21; therefore, the lack thereof does not amount to a constitutional violation under state or federal law.
 {¶ 55} Accordingly, we overrule appellant's second assignment of error.
 III {¶ 56} In the third assignment of error, appellant maintains the cumulative errors set forth in his substantive grounds for relief merit reversal or remand for a proper post-conviction process.
 {¶ 57} Based upon our analysis and disposition of appellant's first and second assignments of error, we overrule the third assignment of error.
 {¶ 58} The May 27, 2005 Judgment Entry of the Delaware County Court of Common Pleas dismissing appellant's petition for post-conviction relief is affirmed.
Hoffman, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 27, 2005 Judgment Entry of the Delaware County Court of Common Pleas dismissing appellant's petition for post-conviction relief is affirmed. Costs to appellant.